**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KAREN TENNEY,**

                    **Plaintiff,**

            **v.**                                  **1:05-CV-0506**
                                                    **(GLS\DRH)**

**ESSEX COUNTY/ HORACE NYE**
**HOME; RICHARD B. MEYER,**
**Individually; MORRISON SENIOR**
**DINING, Div. of MORRISON**
**MANAGEMENT SPECIALISTS, Member**
**of THE COMPASS GROUP; CSEA LABOR**
**UNION,**

                    **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

KAREN TENNEY
Plaintiff, _Pro se_
P.O. Box 621
Elizabethtown, New York 12932

**FOR THE DEFENDANTS:**

**Essex County/ Horace Nye Home,**
**Richard B. Meyer,**
RYAN, SMALLACOMBE LAW FIRM      CLAUDIA A. RYAN, ESQ.
100 State Street, Suite 800
Albany, New York 12207

**Morrison Senior Dining, Div. of**
**Morrison Management Specialists,**
**Member of The Compass Group,**
HINMAN, HOWARD LAW FIRM          ALBERT J. MILLUS, JR., ESQ.
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902-5250

**CSEA Labor Union,**
CIVIL SERVICE EMPLOYEES          TIMOTHY CONNICK, ESQ.
ASSOCIATION, INC.
P.O. Box 7125, Capitol Station
143 Washington Avenue
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Karen Tenney brings this suit alleging gender and disability discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* (Title VII), the Americans with Disabilities Act (ADA), 42 U.S.C. § 1983, and New York Human Rights Law. Defendants Essex County/ Horace Nye Home and Richard Meyer, CSEA Labor Union, and Morrison Senior Dining filed respective motions to

2

dismiss in response to Tenney's complaint.

Defendants Essex County/ Horace Nye Home and Richard Meyer (Meyer) move to dismiss based on Federal Rule of Civil Procedure 12(b)(6) and 42 U.S.C. § 2000e-5(f)(1), arguing that: (1) Tenney has failed to exhaust her administrative remedies; (2) Tenney's ADA claims are time-barred; (3) the complaint fails to state actionable claims under Rule 12(b)(6); and (4) Meyer cannot be sued individually under Title VII or the ADA.  Defendant CSEA Labor Union (CSEA) moves to dismiss under Rule 12(b)(6), claiming that: (1) Tenney has failed to exhaust her administrative remedies; (2) the complaint fails to state a cause of action under Rule 12(b)(6); and (3) CSEA cannot be held liable under 42 U.S.C. § 1983 because it is a private entity.  Lastly, Morrison Senior Dining (Morrison) moves to dismiss under Rule 12(b)(6) for the same reasons asserted by CSEA.  For the reasons that follow, the defendants' motions are **GRANTED** in part and **DENIED** in part.

## II. Procedural History

On April 25, 2005, Tenney filed a complaint alleging, *inter alia*, that the defendants discriminated against her on the basis of her gender and disability.  *See Compl., Dkt. No. 1*.  On April 29, Tenney filed an amended

3

complaint.  *See Dkt. No. 3.*  The subject motions followed.

### III.  <u>Facts</u>[1]

In 2004, Tenney worked at the Horace Nye Home as a dairy attendant.  Tenney complained to her supervisors about a male cook's treatment of another female employee, but her complaints were ignored.  As a result of her complaints, she was threatened by the cook and his mother, another dietary employee.  In March, an issue arose regarding whether Tenney was wearing a suitable undergarment.  On April 23, a county employee physically inspected her to determine whether she was wearing a bra.[2]  Subsequently, Tenney was subjected to snickers, glares, and gossip as a result of the undergarment controversy.  After having requested that the county investigate the matter, Tenney took some time off.  Thereafter, she attempted to return to work but was not allowed to do so.[3]

### IV.  <u>Analysis</u>

---

[1]Considering that Tenney is *pro se*, and given the standard of review applicable to motions to dismiss, the court has construed the factual allegations in Tenney's complaint liberally and in the light most favorable to her.

[2]It appears that Tenney was wearing a sports bra.

[3]Whether or not Tenney was constructively fired is a core factual dispute.  Defendants maintain that Tenney was encouraged to return to work after the undergarment controversy was resolved in her favor.

## A.   Motion to Dismiss Standard

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Phelps v. Kapnolas*, 308 F.3d 180,184 (2d Cir. 2002) (citation omitted).  "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (citation and internal quotation omitted).  Therefore, in reviewing a motion to dismiss, a "court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps*, 308 F.3d at 184 (citations omitted).

Moreover, where a plaintiff is proceeding *pro se,* the court must construe the pleadings liberally and "broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citations omitted); *see Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

5

This requirement is particularly applicable when dealing with *pro se* civil rights complaints. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001) (citation omitted). Under this liberal standard, the court may also consider factual allegations in the plaintiff's opposition papers to supplement the complaint. *See Roland v. Murphy*, 289 F. Supp. 2d 321, 322 (E.D.N.Y. 2003); *Idelicato v. Suarez*, 207 F. Supp. 2d 216, 217 (S.D.N.Y. 2002).

## B.   Title VII Burden-Shifting Framework

Defendants claim that Tenney has failed to state a cause of action under Title VII based on gender discrimination. In the employment discrimination context, the plaintiff bears the initial burden of proving, by a preponderance of the evidence, a *prima facie* case of discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-510 (1993). The initial burden is "minimal." *Id.* at 506. In this case, the plaintiff must prove: (1) that she was a member of a protected class, (2) that her job performance was satisfactory, (3) that, despite her qualifications, she suffered an adverse employment action, and (4) that the adverse employment action occurred under circumstances that give rise to an inference of discriminatory intent. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "Establishment of the *prima facie* case in effect creates a

6

presumption that the employer unlawfully discriminated against the employee." *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

Once the plaintiff satisfies her initial burden, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's termination. *McDonnell Douglas*, 411 U.S. at 802. "Although the burden of production shifts to the defendant, the ultimate burden of persuasion remains always with the plaintiff." *Bickerstaff v. Vassar College*, 196 F.3d 435, 446 (2d Cir. 1999). If the defendant proffers a legitimate, nondiscriminatory reason, "the presumption raised by the *prima facie* case is rebutted and drops from the case." *St. Mary's*, 509 U.S. at 507.

Here, defendants maintain that Tenney has failed to sufficiently plead a Title VII cause of action for gender discrimination. Tenney claims that the subject dress code, which requires employees to wear "appropriate undergarments," discriminates against women. Tenney also claims that her manager's manual inspection of her undergarments was non-consensual and inappropriate. She further contends that she was unable to return to work because of the dress code conflict. Defendants claim that

7

Tenney's discrimination claim based on the dress code fails because the dress code is gender-neutral and uniformly applied. Because this is a motion to dismiss, the court must construe Tenney's allegations liberally, and, at least at this stage, they are sufficient to state a claim upon which relief can be granted. Accordingly, defendants' motions to dismiss Tenney's Title VII discrimination claims are **DENIED**.

Morrison and CSEA also move to dismiss all of Tenney's Title VII claims because they are not her employers and exercised no control over her employment. Both Title VII and the New York Human Rights Law prohibit employment discrimination by "employers." *See* 42 U.S.C. § 2000e-2(a)(1); N.Y. Exec. L. § 296(1)(a). Tenney does not allege that Morrison, CSEA, or Meyer had any control over her employment. She also fails to allege any facts linking Morrison, CSEA, or Meyer to the alleged adverse employment action she suffered. Accordingly, Morrison and CSEA's motions to dismiss Tenney's Title VII gender discrimination claims, Title VII hostile work environment claims, and retaliation claims are

**GRANTED.         1.    Individual Title VII Liability**

Tenney is suing defendant Meyer in his individual capacity as county attorney. It is almost axiomatic in this Circuit that individuals are not liable

8

under Title VII or the ADA.  *See Mandell v. County of Suffolk*, 316 F.3d

368, 377 (2d Cir. 2003); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir.

2000) (per curiam); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir.

1995), *abrogated on other grounds by Burlington Indus. v. Ellerth*, 524 U.S.

742 (1998).  Accordingly, Tenney's claims against Meyer in his individual

capacity are **DISMISSED**.

## C.    Hostile Work Environment

All of the defendants move to dismiss Tenney's Title VII hostile work

environment claims.  Title VII prohibits discrimination "against any

individual with respect to h[er] compensation, terms, conditions, or

privileges of employment, because of such individual's ... sex,"  42 U .S.C.

§ 2000e-2(a)(1), and it is well settled that the "prohibition of sex

discrimination extends to sexual harassment."  *Petrosino v. Bell Atlantic*,

385 F.3d 210, 220 (2d Cir. 2004) (citing *Meritor Sav. Bank, FSB v. Vinson*,

477 U.S. 57, 63-68 (1986)).  Title VII prohibits not only "tangible" or

"economic" discrimination, but also discrimination which makes a work

environment hostile or abusive.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21

(1993); *see Vinson*, 477 U.S. at 64.  Thus, "Title VII is violated '[w]hen the

workplace is permeated with discriminatory intimidation, ridicule, and insult,

9

that is sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment.'" *Mack v. Otis*

*Elevator Co.*, 326 F.3d 116, 122 (2d Cir. 2003) (quoting *Harris,* 510 U.S. at

21).  To survive a motion to dismiss [on a claim of sex-based hostile work

environment], "a plaintiff ... must [establish two elements:] (1) that the

workplace was permeated with discriminatory intimidation that was

sufficiently severe or pervasive to alter the conditions of her work

environment, and (2) that a specific basis exists for imputing the conduct

that created the hostile environment to the employer." *Id.* (quoting

*Richardson v. N.Y. State Dep't of Corr. Servs.*, 180 F.3d 426, 436 (2d Cir.

1999)) (internal quotation marks omitted).  "The first relates principally to

the environment itself and its effect on the plaintiff; the second relates to

the employer's response to a complaint about the environment." *Howley v.*

*Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000).

Essex County/ Horace Nye Home and Meyer contend that Tenney

has failed to make a *prima facie* showing of hostile work environment.  In

particular, they maintain that Tenney has not established that the alleged

conduct was severe or pervasive enough to create an objectively hostile

environment, that she subjectively perceived it as such, or that it affected

the terms of her employment.

"[I]n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *see Petrosino*, 385 F.3d at 221 (citing *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003)); *see also Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (citing *Harris*, 510 U.S. at 21). To determine whether the environment is sufficiently hostile or abusive, a court must "'look[] at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher*, 524 U.S. at 787-88 (quoting *Harris*, 510 U.S. at 23); *see Alfano*, 294 F.3d at 377. "There is neither a threshold magic number of harassing incidents that gives rise, without more, to liability as a matter of law, nor a number of incidents below which a plaintiff fails as a matter of law to state a claim." *Richardson*, 180 F.3d at 439 (internal quotation marks and citation omitted). As a general rule, incidents must be more than episodic; "they must be sufficiently continuous

11

and concerted in order to be deemed pervasive." *Alfano*, 294 F.3d at 374 (internal quotation marks, citation omitted). "[S]imple teasing, offhand comments, and isolated incidents ... will not amount to discriminatory changes in the terms and conditions of employment" sufficient to meet the threshold of severity or pervasiveness. *Faragher*, 524 U.S. at 788 (citation and internal quotation marks omitted); *Alfano*, 294 F.3d at 374 (citation omitted). "But it is [also] well settled in this Circuit that even a single act can meet the threshold if, by itself, it can and does work a transformation of the plaintiff's workplace." *Alfano*, 294 F.3d at 274 (citing *Howley*, 217 F.3d at 154; *Richardson*, 180 F.3d at 437).

Therefore, to summarize, a plaintiff "must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (internal quotations, citation omitted). Courts must be mindful that Title VII is not "a general civility code." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). It is also "axiomatic" that to establish a sex-based hostile work environment, a plaintiff must demonstrate that the conduct occurred because of her sex. *Brown v. Henderson*, 257 F.3d 246,

12

252 (2d Cir. 2001).

Here, the gravamen of Tenney's hostile work environment claim is her contention that she was subjected to glares, gossip, and snickers at work following the controversy surrounding her undergarments.  While the objective severity of this treatment minimally meets the standard and might not survive a summary judgment motion, it is sufficient at this stage.  Construing the facts in the light most favorable to the plaintiff *pro se*, Tenney has stated a claim for hostile work environment.  Accordingly, defendant's motion to dismiss Tenney's Title VII hostile work environment claim is **DENIED.**

## D.   Retaliation

Title VII and New York human rights laws prohibit employers from retaliating against employees who complain about employment discrimination.  *See*  42 U.S.C. § 2000e(3)(a); N.Y. Exec. Law § 296(1)(e).  "Title VII is violated when a retaliatory motive plays a part in adverse employment actions toward an employee, whether or not it was the sole cause."  *Terry*,  336 F.3d at 140 -41 (internal quotation marks, citation omitted).  Retaliation claims, like discrimination claims, are analyzed

according to the *McDonnell Douglas* burden-shifting analysis.  *Reed v.
A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996); *see Tomka,* 66
F.3d at 1308.  First, "to establish a *prima facie* case of retaliation, an
employee must show [1] participation in a protected activity [2] known to
the defendant; [3] an employment action disadvantaging the plaintiff; and
[4] a causal connection between the protected activity and the adverse
employment action [from which retaliatory intent can be inferred]."
*Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004) (internal quotation
marks, citations omitted).  A plaintiff's burden at this step is *de minimis.*
*See Tomka,* 66 F.3d at 1308.  Once a plaintiff establishes a *prima facie*
case, the employer must then "articulate some legitimate,
nondiscriminatory reason for the employer's rejection."  *McDonnell*, 411
U.S. at 802.  This burden is one of production, not persuasion; it "can
involve no credibility assessment."  *St. Mary's*, 509 U.S. at 509.  The onus
then shifts back to the plaintiff to carry the ultimate burden of persuasion
and "prove that the proffered reason was merely a pretext for retaliation
and that the employer's action was prompted by an impermissible motive."
*Tomka,* 66 F.3d at 1308.

Here, defendants maintain that Tenney has not alleged facts

14

sufficient to establish the third and fourth elements essential to a *prima facie* retaliation claim.[4]  More specifically, they claim that she has not established an adverse employment action and/ or a causal connection between the alleged protected activity and the adverse employment action from which retaliatory intent can be inferred.  The facts alleged by Tenney, construed in the most favorable light, suggest that she was forced to resign from her job after having complained of sexual harassment.  For the purpose of efficiency, the court will combine Tenney's third cause of action (Retaliation for Opposition to Unlawful Practices) and fourth cause of action (Retaliation for Participation in Protected Activities).  Accordingly, defendants' motion to dismiss Tenney's retaliation claim based on her oppostition to unlawful practices is **GRANTED**.  However, defendants' motion to dismiss her retaliation claim based on participation in protected activities is **DENIED.**

_____

[4]Defendants Essex County/ Horace Nye Home and Meyer point out that Tenney alleges that defendants' failure to promote her to the position of kitchen cook constitutes a violation of Title VII.  In order to establish a claim for "failure to promote", a plaintiff must allege the same four elements essential to a Title VII discrimination claim.  In particular, Tenney must prove that she applied for a specific position and was rejected therefrom, rather than merely asserting that on several occasions she generally requested a promotion.  *See Kinsella v. Rumsfeld*, 320 F.3d 309 (2d Cir. 2003).  Tenney alleges that two less qualified male candidates were given positions in the kitchen as cooks after the time she had left employment at Horace Nye Home.  However, she does not assert in her complaint that she applied for or requested the position of cook.  Therefore, her "failure to promote" claim also fails.

**E.    ADA Liability**

Tenney brings two claims under the ADA.  She asserts both a cause of action for disability discrimination and a cause of action for harassment based on a disability in violation of the ADA.  Neither claim can survive defendants' motions to dismiss.  All of the defendants argue in their respective motions that the ADA claims against them must be dismissed because Tenney has failed to exhaust her administrative remedies.

The ADA adopts Title VII's statutory time period for filing an administrative complaint as a condition precedent to filing a federal lawsuit. *Cable v. N.Y.S. Thruway Auth.*, 4 F. Supp.2d 120, 124 (N.D.N.Y. 1998). While the ADA clearly prohibits disability discrimination, a prospective plaintiff must file a discrimination charge naming the allegedly discriminating party with an authorized state agency or the EEOC and receive a right to sue letter before filing suit.  *See* 42 U.S.C. § 2000e-5(f)(1); *Francis v. City of New* York, 235 F.3d 763, 768 (2d Cir. 2000); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999).  Exhaustion of administrative remedies through the EEOC is an essential element of an ADA claim and, "as such, a precondition to bringing such claims in federal court."  *Legnani v. Alitalia Linee Aeree Italiane*, 274 F.3d 683, 686 (2d Cir.

16

2001).

Here, it is clear from Tenney's complaint, exhibits and opposition papers that she did not include in her administrative complaint any allegations of discrimination based on a disability.  Therefore, Tenney's ADA claims against all of the defendants must be dismissed for failure to exhaust administrative remedies.  Accordingly, Tenney's ADA claims against the defendants are **DISMISSED.**

## F.    Liability Based on § 1983

Tenney's ninth cause of action alleges discrimination on the basis of gender in violation of the Equal Protection Clause.  A plaintiff can only bring concurrent Title VII and § 1983 claims when they are based on distinct legal rights.  A Title VII claim precludes a § 1983 claim unless the § 1983 claim is based on an alleged violation of some substantive legal right distinct from Title VII.  *See Saulpaugh v. Monroe Comm. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993).  Tenney's § 1983 claims do not assert legal rights separate and distinct from those asserted in her Title VII claims. Accordingly, defendants' motions to dismiss Tenney's § 1983 claims are **GRANTED.**

17

### G.    Tenney's State Law Claims

Tenney brings two supplemental state law claims under New York law.  She asserts both a claim of discrimination and a claim of retaliation in violation of New York Human Rights Law.  Defendants move to dismiss Tenney's state law claims on the basis of Tenney's failure to file a notice of claim ninety days after its accrual pursuant to § 50-e of the General Municipal Law.

Section 52 of the New York State County Law requires a plaintiff to serve a prospective county defendant with a notice of claim in compliance with § 50-e of the General Municipal Law as a condition precedent to bringing "[a]ny claim ... for damages arising at law or in equity."  *Aguilar v. The N.Y. Convention Ctr. Operating Corp.*, 174 F. Supp.2d 49, 54 (S.D.N.Y. 2001).  Even though § 50-e does not expressly apply to discrimination claims, the notice of claim requirement in § 52 applies to discrimination claims against County entities because such claims plainly are encompassed by the broad statutory language "[a]ny claim ... for damages arising at law or in equity."  *Hoger v. Thomann,* 189 A.D.2d 1048, 1049 (3rd Dept. 1993).  "A plaintiff is required to affirmatively plead in [her] complaint that [s]he has filed a notice of claim."  *Evans v. Nassau County*,

18

184 F. Supp.2d 238, 246 (E.D.N.Y. 2002).

Tenney has failed to plead affirmatively that she has filed a timely notice of claim as against the County, and her failure to comply with this condition precedent bars her claim.  Accordingly, defendants' Essex County/ Horace Nye Home's motion to dismiss Tenney's state law claims is **GRANTED**.   Additionally, for the reasons articulated herein, Tenney's state law claims are **DISMISSED** as against Morrison and CSEA.

## H.    Tenney's Request for Punitive Damages

In her prayer for relief, Tenney seeks punitive damages against all of the defendants.  Essex County/ Horace Nye Home contends that punitive damages are not recoverable against a municipality or political subdivision of the State under any of Tenney's federal law claims.  Indeed, punitive damages are not recoverable against a County under Title VII.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (2002).  Accordingly, defendant Essex County/ Horace Nye Home's motion to preclude Tenney's recovery of punitive damages is **GRANTED.**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants Essex County/ Horace Nye Home's

19

motion to dismiss is **DENIED** as to Tenney's Title VII gender discrimination claim, hostile work environment claim, and retaliation for participation in protected activities claim; it is further

    **ORDERED** that defendants Meyer, Morrison, and CSEA are **DISMISSED** from this action as to Tenney's Title VII gender discrimination claim, hostile work environment claim, and retaliation for participation in protected activities claim; it is further

    **ORDERED** that all of Tenney's Title VII retaliation claims for opposition to unlawful practices are **DISMISSED** as to all defendants; it is further

    **ORDERED** that Tenney's ADA disability discrimination claims are **DISMISSED** as to all defendants; it is further

    **ORDERED** that Tenney's ADA claims for harassment based on a disability are **DISMISSED** as to all defendants; it is further

    **ORDERED** that Tenney's § 1983 claims are **DISMISSED** as to all defendants; it is further

    **ORDERED** Tenney's state law claims are **DISMISSED** as to all defendants; it is further

20

**ORDERED** that Tenney is precluded from seeking punitive damages under Title VII; it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

January 17, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

21